IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARC SOLOMON AND § | |
| DOREENE SOLOMON § | |
| § | |
| V. § | CASE NO. 4:16-cv-2682 |
| § | |
| HARTFORD LLOYDS INSURANCE § | |
| COMPANY AND § | |
| MATTHEW TANNENBAUM § | |

## NOTICE OF REMOVAL

Defendant Hartford Lloyds Insurance Company ("Hartford") through undersigned counsel and pursuant to 28 U.S.C §§ 1441 and 1446, files this Notice of Removal of the action captioned as follows: *Marc Solomon and Doreene Solomon v. Hartford Lloyds Insurance Company and Matthew Tannenbaum*, Cause No. 2016-50852 on the docket of the 151st Judicial District Court of Harris County, Texas. In support of this Notice of Removal, Hartford respectfully represents the following:

1. Plaintiffs Marc Solomon and Doreene Solomon ("Plaintiffs") commenced the state-court action against Hartford on or about August 1, 2016, by filing Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure (the "Original Petition") in the 151st Judicial District Court of Harris County, Texas. Hartford was served with the summons and a copy of the complaint on August 12, 2016. Hartford and then co-defendant Kevin Kramer filed their Original Answer, Specific Denials, Special Exceptions and Defenses (the "Original Answer") on August 19, 2016.

2. Plaintiffs subsequently filed Plaintiffs First Amended Petition, Jury Demand, and request for Disclosure (the "Amended Petition") on August 26, 2016. Hartford received an electronic service copy of the Amended Petition the same day.

3. A copy of all process, pleadings, and orders in the state-court action is filed with this Notice of Removal.

4. The Amended Petition avers that Plaintiffs are resident citizens of Harris County, Texas. (Pet. ¶ 1.)

5. The Amended Petition alleges that Hartford is a Texas insurance company, engaging in the business of insurance in the State of Texas." (Pet. ¶ 1.) In fact, Hartford is an unincorporated association of 12 underwriters, all of whom reside outside of Texas and are citizens of a state other than Texas – the domiciliary states for the underwriters include Connecticut, Washington and Massachusetts only. For diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the entity.[1] The members of a Lloyds plan are the underwriters alone.[2] Because each of the underwriters is a citizen of a state other than Texas, Hartford is not a Texas citizen.[3] The following are the 12 underwriters of Harford Lloyds Insurance Company listed with their respective states of domicile and citizenship as of the commencement of the lawsuit and its subsequent removal:

    a. Robert S. Brooks, State of Connecticut;
    b. James R. Garrett, State of Connecticut;
    c. Michael H. Hughes, State of Washington;
    d. Donald J. LaValley, Commonwealth of Massachusetts;
    e. William B. Malchodi, Commonwealth of Massachusetts;
    f. Charles M. O'Halloran, State of Connecticut;
    g. David R. Robb, State of Connecticut;
    h. Patrick J. Salve, State of Connecticut;
    i. Leonard C. Smith, State of Connecticut;
    j Lowndes A. Smith, State of Connecticut;

---

[1] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-95 (1990).
[2] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.").
[3] *Massey*, 993 F.Supp. at 570 ("Because no member of State Farm Lloyds is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyds*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyds is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").

k.   Michael S. Wilder, State of Connecticut; and
l.   Paul R. Zimmerman, State of Connecticut.

6. The Amended Petition removes Kevin Kramer, who was previously identified as a Texas resident, from the named defendants and replaces him with Matthew Tannenbaum ("Tannenbaum"). The Amended Petition alleges that Defendant Tannenbaum is an individual residing in and domiciled in the State of Illinois. (Pet. ¶ 2.) To Hartford's knowledge Tannenbaum has not yet been served with the Amended Petition.

7. The Amended Petition alleges that Plaintiff owns property located at 13007 Campos Drive, Houston, Texas 77065 (the "Property") that was insured by an insurance policy issued by Hartford. (Pet. ¶ 3.)

8. The Amended Petition alleges that "[o]n or about April 17, 2016, a hail storm and/or windstorm" caused damages to the Property. Specifically, the Amended Petition alleges that "the Property sustained extensive damage during the storm." (Pet. ¶ 3.)

9. The Amended Petition alleges that Defendants failed to adequately indemnify Plaintiffs for the entire scope of the damage, among other allegations. (Pet. ¶¶ 4-20.)

10. Plaintiffs allege in the Amended Petition that they are seeking "monetary relief over $100,000 but not more than $200,000." (Pet. ¶ 19.) This amount satisfies the minimum jurisdictional requirements of this Court.

11. This Notice of Removal is filed within 30 days of service of the Amended Petition and is therefore timely under 28 U.S.C. § 1446 (b).

12. Hartford denies the underlying facts as alleged by Plaintiffs or as summarized in this Notice. Hartford expressly denies that they have any liability to Plaintiffs.

## **DIVERSITY JURISDICTION**

13. This Court has original jurisdiction pursuant to 28 U.S.C § 1332 (a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs are citizens of Texas. Hartford's underwriters are domiciled in Connecticut, Washington and Massachusetts, and Hartford maintains its principal place of business in Connecticut. Tannenbaum is a citizen of the state of Illinois.

14. The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a). In the Amended Petition, Plaintiffs allege that they seek "monetary relief over $100,000 but not more than $200,000." (Pet. ¶ 19.) Plaintiffs also seek additional and consequential damages, including but not limited to damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest and attorney fees. (Pet. ¶¶ 19-20.) Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

15. Plaintiffs in Texas are also not limited to recovery of damages requested in their pleadings. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints . . . ." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "The general principle is that Plaintiff will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412, n. 10.

16. No binding stipulation or affidavit was filed with the Amended Petition.

## **REMOVAL PROCEDURE**

17. Hartford has provided the clerk of the 151st Judicial District Court of Harris County, Texas with notice of this removal.

18. Pursuant to Local Rule 81, copies of the following documents are hereby provided to the clerk of this Court for filing in connection with this Notice of Removal:

   a. Index of matters being filed;

   b. The state-court file, including all executed process, pleadings and exhibits, and state-court orders, which will be supplemented with certified copies as soon as they are available from the state court;

   c. A list of all parties and their counsel of record.

WHEREFORE, Hartford hereby provides notice that this action is duly removed.

        Respectfully submitted,

        */s/ Martin R. Sadler*_____
        Martin R. Sadler
        Attorney-in-Charge
        Texas Bar No.: 00788842
        Federal Bar No.: 18230
        LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
          A LAW CORPORATION
        801 Travis Street, Suite 1800
        Houston, Texas 77002
        Telephone:  (713) 222-1990
        Facsimile:  (713) 222-1996

        ATTORNEY-IN-CHARGE
        FOR HARTFORD LLOYDS INSURANCE
        COMPANY

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above pleading has been forwarded by electronic service on this the 2nd day of September, 2016 to:

Chad T. Wilson
Stephen Mengis
Chad T. Wilson Law Firm, PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058

                    */s/ Martin R. Sadler*
                    Martin R. Sadler